[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte. It has come to the court's attention that the order from which this appeal is taken is not a final appealable order. Defendant-appellant, Brent R. Meldrum, Sr., originally appealed (App. No. L-02-1143) a decision of the trial court which denied his motion to compel arbitration and for a stay of the trial court proceedings until the arbitration had concluded. That decision is an appealable order pursuant to R.C. 2711.02.
Appellant then filed a motion in the trial court to stay the proceedings in the trial court pending outcome of his appeal in App. No. L-02-1143. On June 6, 2002, the trial court granted the stay, but only as to one count in a multi-count complaint. Thus, the trial court will proceed to hear the bulk of the case while the remainder of the case is on appeal to this court in App. No. L-02-1143. Appellant appealed from this June 6, 2002 order in which the trial court refused to stay the entire case pending outcome in App. No. L-02-1143.
R.C. 2505.02 governs the final appealability of trial court orders. InCleveland v. Zakaib (Oct. 12, 2000), Cuyahoga App. Nos. 76928, 76929, 76930, the court states:
"An order denying a stay clearly is not an order that determines the action, is made in a special proceeding (i.e., was unknown at common law), vacates or sets aside a judgment or grants a new trial, or determines class action status. Consequently, it is final and appealable only if it grants or denies a `provisional remedy' and meets the further conditions of R.C. 2505.02 (B) (4) (a) and (b).
"A provisional remedy is defined as: `* * * a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.' R.C. 2505.02(A) (3).
"In general, a proceeding to stay a court action may be considered ancillary to the main action, akin the request for a preliminary injunction. Sorg, Erie App. No. E-98-057. Furthermore, though the court may change its decision at any time before final judgment, we find the denial of a stay `in effect determines the action with respect to' the motion for a stay and `prevents a judgment in favor of the appealing party with respect to' that issue.
"Unlike a party seeking to appeal the grant of a stay as in Sorg, a party challenging the denial of a stay can be afforded a meaningful and effective remedy in an appeal following a final judgment as to all proceedings. The party who is forced to await the lifting of the stay may be harmed by the delay; however, we do not perceive that any rights will be irretrievably lost by the denial of a delay in the proceedings.
"Accordingly, we find the order denying a stay of proceedings is not a final appealable order under R.C. 2505.02(B)(4). Therefore, we must also dismiss this appeal." Id.
We find that the order from which this appeal is taken is not final and appealable and this appeal is ordered dismissed at appellant's costs.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.